**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3392
_____

TRENA DENISE SCOTT,
                                        Appellant

v.

PROJECT HOME; PROJECT HOME/SAINT COLUMBA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-02504)
District Judge:  Honorable Joshua D. Wolson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2025

Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: July 2, 2025)
_____

OPINION[*]
_____

PER CURIAM

        Trena Scott appeals pro se from the District Court's order granting the defendants'

motion for summary judgment.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

## I.

In June 2023, Scott filed a pro se complaint in the District Court against her former employer, Project HOME, and a related entity. Scott brought various claims pursuant to Title VII of the Civil Rights Act, including claims of retaliation and racial discrimination. The District Court dismissed all of her claims except for a retaliation claim based on Scott's complaint to the U.S. Equal Employment Opportunity Commission ("EEOC") in June 2021 and Scott's subsequent termination in August 2021. Scott filed an amended complaint in the District Court, and the District Court again dismissed all of her claims except for the retaliation claim. After the parties completed discovery, the defendants moved for summary judgment. The District Court granted the motion. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment.[1] Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact

---

[1] In her opening brief, Scott's only challenge is to the District Court's grant of summary judgment to the defendants on the retaliation claim. Our review is thus limited to that claim, and we deem forfeited any other potential challenges to the District Court's other rulings. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).

exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

III.

The District Court properly granted summary judgment to the defendants on Scott's retaliation claims.  Under the burden-shifting framework established by McDonnell Douglas Corp. v. Green, a plaintiff has the initial burden of establishing a prima facie case of retaliation.  See 411 U.S. 792, 802 (1973).  To establish a prima facie case, the plaintiff must show that she engaged in Title VII-protected activity, that she suffered an adverse action, and that a causal nexus existed between the adverse action and the protected activity.  See Canada v. Samuel Grossi & Sons, Inc., 49 F.4th 340, 346 (3d Cir. 2022).  If the plaintiff succeeds, the burden then shifts to the employer to articulate a legitimate non-retaliatory reason for taking the adverse employment action.  See id.  "If the employer meets this burden, the burden then shifts back to the plaintiff to demonstrate that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action."  Id. (cleaned up).

Here, even assuming that Scott could establish a prima facie case of retaliation based on her complaint to the EEOC and subsequent actions,[2] we agree with the District

---

[2] We note that Scott's brief raises many arguments regarding protected activity that she claims to have engaged in after her complaint to the EEOC in June 2021.  We do not address those arguments because, even assuming they could support a prima facie case, there is still insufficient evidence for a reasonable factfinder to conclude that the defendants' stated reasons for her firing were pretextual.

Court's determination that Project HOME articulated legitimate non-retaliatory reasons for firing her, and that Scott failed to produce evidence that would permit a reasonable factfinder to conclude that those reasons were pretextual.  See Canada, 49 F.4th at 346. The record shows that Project HOME employees, including Scott's supervisors, had raised concerns about her poor performance and her lack of professionalism for many months prior to her June 2021 EEOC complaint.[3]  Project HOME placed Scott on her second performance improvement plan ("PIP") in February 2021 (though she refused to sign it, she does not dispute that it was issued to her).  Just prior to the EEOC complaint, in June 2021, Scott was denied a promotion, and she did not dispute that her lack of interpersonal relationship skills was the reason she did not receive the promotion.  After contacting the EEOC, Scott continued to have similar issues documented at work, and in August 2021, Project HOME terminated her employment.  Given this lengthy record of concerns that were raised about Scott's performance and professionalism, no reasonable juror could find that those reasons were pretextual and that retaliation was the actual motive for her firing.  See Carvalho-Grevious v. Del. State Univ., 851 F.3d 249, 262 (3d Cir. 2017) (explaining that this requires evidence of "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions from which a reasonable juror could

---

[3] Among other things, supervision forms from September 2020 and October 2020 show that Scott was counseled to be less confrontational and more professional with her communications.  And a January 2021 email thread among Scott's supervisors noted concerns that she was creating a problematic work environment.

conclude that the Defendants' explanation is unworthy of credence, and hence infer that the employer did not act for the asserted" non-retaliatory reasons) (cleaned up).

On appeal, Scott argues that a reasonable juror could infer pretext because she was given "no prior written or verbal warnings," and because there was "no history, record or documentation of [her] performance issues or insubordination prior to her termination." Appellant's Br. at 8, 26. But those arguments ignore evidence throughout record, including the supervision forms, emails, and PIPs, all of which provided her with warnings and documented these issues for many months prior to her EEOC complaint and her subsequent termination. Finally, contrary to Scott's arguments, see id. at 28–30, the District Court properly relied upon the plain text of a July 21, 2021 email, which made no mention of discrimination, rather than Scott's characterizations of that email. See generally Barber v. CSX Distribution Servs., 68 F.3d 694, 701–02 (3d Cir. 1995) (explaining that a complaint of "unfair treatment in general" and "dissatisfaction with the fact that someone else was awarded the position" did not constitute protected conduct when it did "not specifically complain about . . . discrimination").

Accordingly, we will affirm the judgment of the District Court.